UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARY DOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:07-CV-27 (JCH) |
| ) | |
| DEBT RELIEF AMERICA, L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiff Mary Dowell's Motion to Remand (Doc. No. 8), filed June 15, 2007. The matter is fully briefed and ready for a decision.

## BACKGROUND

By way of Background, Defendant is a company that helps its customers control and reduce their debts. (Notice of Removal, Doc. No. 1 Ex. A ("Compl.")). Specifically, its customers make a "significant monthly payment" to it. (Id. pg. 2) Then, after charging an administrative fee,[1] it negotiates with the customers' creditors to settle their debts. (Id.). As part of this service, Defendant instructs its customers to stop paying their creditors. (Id.). Plaintiff alleges that Defendant's service does not reduce its customers' debts, rather it results in customers being charged high rates and fees and having damaged credit scores. (Id.).

Plaintiff contracted with Defendant to help reduce her $12,000 of debt. (Id. pg. 46). Defendant instructed Plaintiff to pay it $206 a month and to stop servicing her debts. (Id. ¶ 10).

---

[1]The administrative fee is six percent of the customer's total debt. (Compl. pg. 46). Defendant also charges its customers a fifteen percent negotiation fee on each debt it settles. (Id.).

- 1 -

Plaintiff made these payments for about eight months before quitting the program and declaring bankruptcy due to being "overwhelmed with debt that had accrued interest and fees." (Id. pg. 30-31).

On April 12, 2007, Plaintiff filed a purported class action suit in the Circuit Court of Marion County, Missouri. (Id.). In her Complaint, Plaintiff alleges the following claims: (I) declaratory judgment stating that the arbitration agreement is void; (II) violation of Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq. ("MMPA"); (III) per se violation of the MMPA; (IV) unjust enrichment; and (V) unauthorized practice of law, Mo. Rev. Stat. § 484.010-.020. (Id.). Plaintiff requests that "[she] and members of the class" be awarded damages "in excess of $25,000," treble damages, attorney's fees, and punitive damages. (Id. pg. 28). On June 8, 2007, Defendant removed to this Court on the basis of diversity jurisdiction. (Id. ¶ 10-11). On June 15, 2007, Plaintiff filed her Motion to Remand. (Doc. No. 8).

## DISCUSSION

On a motion to remand, the party seeking removal and opposing remand bears the burden of establishing the Court's jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Manning v. Wal-Mart Stores E., Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

## DISCUSSION

Federal courts are courts of limited jurisdiction. Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003). Diversity jurisdiction exists when there is a complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 834 (8th Cir. 2004). Here, neither party disputes that there is a complete diversity of citizenship. (Notice of Removal, Doc. No. 1 ¶ 4-5). Plaintiff, however, asserts that the amount in controversy is less than $75,000 because the entire purported class only

seeks "in excess of $25,000" in damages. (Memo. in Supp., Doc. No. 9 ¶ 8). Plaintiff also contends that she only personally incurred $1600 of damages. (Reply, Doc. No. 16 pg. 1; Compl. ¶ 10). Finally, Plaintiff alleges that the Complaint does not place $5,000,000 in controversy, the required amount for class actions based on diversity jurisdiction. See 28 U.S.C. § 1332(d)(2). Defendant contends that the amount in controversy exceeds $75,000 because Plaintiff seeks damages over $25,000 and treble damages. (Memo. in Opp'n, Doc. No. 14). Defendant also contends that the class action provision of § 1332(d)(2) does not apply to this case. (Id.).

To determine jurisdiction, the Court looks at the parties' status at the time of the lawsuit's filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004). When determining whether the amount in controversy requirement is met, the amount contained in the pleadings is not dispositive. State ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 174 (8th Cir. 1995). Rather, the standard is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. See Quinn v. Kimble, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). A plaintiff may aggregate all of his claims against defendant to satisfy the jurisdictional amount. Lynch v. Porter, 446 F.2d 225, 228 (8th Cir. 1971). Punitive damages may also be used to establish this amount. See Crawford v. F. Hoffman-La Roche, Ltd., 267 F.3d 760, 765 (8th Cir. 2001). When punitive damages are included in the amount in controversy, the "existence of the required amount must be supported by competent proof." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 348 (8th Cir. 2007). Thus, the Court carefully scrutinizes a claim for punitive damages. Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994). Similarly, attorney's fees authorized by statute count towards the amount in controversy. Rasmussen v. State Farm Mut. Auto Ins. Co., 410 F.3d 1029, 1030 (8th Cir. 2005). The MMPA allows for the recovery of punitive damages and attorney's fees. See Mo. Rev. Stat. § 407.025.1.

Upon consideration, Plaintiff's individual claims meet the amount in controversy requirement of § 1332(a). Assuming Plaintiff's claims are successful, her actual damages are probably less than $10,000. (Compl. pg. 30-31). The possibility of punitive damages and attorney's fees, however, means that a fact finder could legally conclude that Plaintiff's damages are greater than $75,000. Specifically, Defendant has provided the Court with evidence that two juries in MMPA class action cases awarded plaintiffs over $800,000 in punitive damages. (Memo. in Opp'n, Doc. No. 14 Ex. A). Although the punitive damages awards in these cases were made to a class, they show that juries are inclined to assess large punitive damages awards in MMPA cases. Based on the facts before the Court, Plaintiff's individual claims satisfy § 1332(a)'s jurisdictional amount.

Additionally, the Court disagrees with Plaintiff's assertion that remand is required because the purported class action does not place $5,000,000 in controversy. 28 U.S.C. § 1332(d)(2)[2] provides the district court with original jurisdiction over class actions when the matter in controversy exceeds $5,000,000. The supplemental jurisdiction statute, 28 U.S.C. § 1367, however, also allows a district court to exercise jurisdiction over a class action even if the $5,000,000 amount is not satisfied as long as the other elements of diversity jurisdiction are present and at least one named plaintiff satisfies the $75,000 amount in controversy requirement found in § 1332(a). See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558-59 (2005). Here, § 1332(d) is not dispositive because Plaintiff's individual claims satisfy the $75,000 amount in controversy requirement. Thus, this Court has jurisdiction under § 1332(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED**.

---

[2]This section contains additional requirements that are not at issue in this case.

Dated this 27th day of June, 2007.

                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE